UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

COLUMBIA AIRCRAFT SALES, INC.,
    *Plaintiff*,

v.

PIPER AIRCRAFT, INC.,
    *Defendant*.

No. 3:20-cv-00701 (JAM)

**ORDER DENYING MOTION TO CERTIFY
INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

This case involves a dispute between two businesses about the non-renewal of a commercial dealership agreement for the sale of general aviation aircraft. The plaintiff is Columbia Aircraft Sales, Inc. ("Columbia"), and the defendant is Piper Aircraft, Inc. ("Piper").

On October 6, 2020, I granted Piper's motion to transfer this action to the U.S. District Court for the Southern District of Florida. *See Columbia Aircraft Sales, Inc. v. Piper Aircraft, Inc.*, 2020 WL 5904939 (D. Conn. 2020). I ruled that the case should be transferred because the parties agreed in their dealership agreement to a mandatory forum-selection clause requiring their disputes to be resolved in the Southern District of Florida. In so concluding, I explained how Piper had established each of the three prerequisites for the enforcement of a forum-selection clause: (1) that the clause was reasonably communicated to Columbia, (2) that it was mandatory in its terms, and (3) that all of Columbia's claims fall within the scope of the claims subject to the forum-selection clause. *Id.* at *2-4.

Next I turned to whether it would be unjust or unreasonable to enforce the forum-selection clause in light of Columbia's argument with respect to just one of its claims—its claim under the Connecticut Franchise Act ("CFA"), Conn. Gen. Stat. § 42-133e *et seq.*—that a

1

transfer of this one claim would contravene a strong public policy of the State of Connecticut against allowing franchisees to agree that such claims may be litigated in any court outside of Connecticut. *Id.* at 5. I rejected this argument, concluding that Columbia had failed to show that Connecticut has such a strong public policy.

I noted that Columbia was unable to point to anything in the CFA that explicitly bars franchisors and franchisees from agreeing to forum-selection clauses to adjudicate their disputes outside of Connecticut.[1] Instead, Columbia tried to infer the existence of such a policy by combining two provisions in the CFA: one that creates a private right of action for franchisees to sue for a violation of the Act in a state court in Connecticut, and another that generally bars franchisees from waiving any rights granted under the Act. *Ibid.* (citing Conn. Gen. Stat. §§ 42-133g(a) and § 133f(f)). According to Columbia, these two provisions in combination meant that Connecticut has a strong public policy against franchisors and franchisees agreeing to resolve their disputes under the CFA in any court outside the State of Connecticut.

In rejecting this argument, I reasoned that "[t]he fact that the CFA allows a plaintiff to file a lawsuit in the state courts of Connecticut does not necessarily mean that it is the strong public policy of the State of Connecticut that any rights under the CFA must be litigated *only* in the courts of Connecticut rather than in any other court." *Ibid.* I noted how the CFA "provides in precatory terms that a franchisee 'may' bring an action under the CFA in Connecticut," and that in view that "the Connecticut legislature does not have authority to regulate the jurisdiction of courts outside the State of Connecticut," it follows that "the most plausible inference to draw

---

[1] *Compare Jones v. GNC Franchising, Inc*., 211 F.3d 495, 497 (9th Cir. 2000) (forum-selection clause unenforceable in light of California franchise statute providing that "[a] provision in a franchise agreement restricting venue to a forum outside this state is void"); *Franklin's Sys., Inc. v. Infanti*, 883 F. Supp. 246, 250-51 (N.D. Ill. 1995) (same; Illinois law expressly barring any provision in a franchise agreement from designating out-of-state forum for any cause of action otherwise enforceable in Illinois).

from the fact that the CFA allows for a right of action in Connecticut state court is that it is the public policy of Connecticut to allow for judicial enforcement of rights created under the CFA, not that it is the strong public policy of Connecticut that such judicial enforcement must occur only in the courts of Connecticut." *Ibid.*

Columbia now seeks to certify for interlocutory appeal only that part of my ruling concluding that Columbia failed to show a strong public policy of Connecticut against allowing a franchisee to agree to the adjudication of rights under the CFA in courts outside of Connecticut. Federal law allows a district judge to certify for appeal an otherwise non-appealable interlocutory order if the order "[1] involves a controlling question of law as to which [2] there is substantial ground for difference of opinion" and "[3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (internal brackets added). This certification provision "is a rare exception to the final judgment rule that generally prohibits piecemeal appeals," *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996), and certification is appropriate "only when [the] three enumerated factors suggesting importance are all present." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1696 (2015).[2]

Even assuming that Columbia has pointed to a controlling issue of law for which an interlocutory resolution may materially advance the ultimate determination of this litigation, it falls short of showing that there is a substantial ground for difference of opinion with my ruling. It does not point to any directly conflicting precedent. Almost all of the precedent relied on by

---

[2] I reject Piper's argument that I do not have jurisdiction to consider Columbia's motion. I have entered a stay of the transfer order pending my determination of Columbia's certification motion. Doc. #68. Although Piper cites *Chapple v. Levinsky*, 961 F.2d 373 (2d Cir. 1992) (*per curiam*), that case states only that a transfer ruling is interlocutory and not ordinarily appealable "unless the question has been certified for immediate appeal in accordance with 28 U.S.C. § 1292(b)." *Id.* at 374. Here, of course, Columbia has properly moved for such certification, and I have jurisdiction over this motion. Piper cites no precedent holding that a motion under 28 U.S.C. § 1292(b) to certify for interlocutory appeal a district court's order granting transfer must be pursued in the prospective *transferee* district and circuit rather than in the district and circuit where the action still remains pending.

Columbia pre-dates the Supreme Court's decision in *Atlantic Marine Construction Co., Inc. v. U.S. District Court for the Western District of Texas*, 571 U.S. 49 (2013), a case that significantly clarified the law applying in this context and strongly favoring the enforcement of forum-selection clauses.[3]

For example, Columbia relies heavily on the Second Circuit's decision in *Red Bull Associates v. Best Western International, Inc.*, 862 F.2d 963 (2d Cir. 1988), a decision which affirmed a district court's refusal to enforce a forum-selection clause that would have transferred a civil rights action from where it was filed in the Southern District of New York to the District of Arizona. The reasoning supporting the certification of the appeal in that case, however, turned on the fact that "the Congress favored determination of civil rights cases in a forum convenient to the plaintiff" and that "if the action were transferred to Arizona, [the plaintiffs] would not pursue their case." *Id.* at 965 n.5. A later Second Circuit ruling has relied on the Supreme Court's later decision in *Atlantic Marine* to conclude that even civil rights claims may be subject to transfer in accordance with a forum-selection clause in the absence of a showing that a transfer will deprive the plaintiff of an opportunity to litigate the claims. *See DeBello v. VolumeCocomo Apparel, Inc.*, 720 F. App'x 37, 40-41 (2d Cir. 2017).

Columbia has not asserted a civil rights claim here. Nor has it shown that—as a long-established business—it lacks resources to litigate this action in Florida. Indeed, no matter what the outcome of Columbia's effort to appeal the transfer of its CFA claim, Columbia makes no argument for an interlocutory appeal of my determination that the rest of its multiple claims are subject to transfer to the Southern District of Florida. Accordingly, it is already inevitable that

---

[3] *See, e.g.*, *Phoenix Surgicals, LLC v. Blackstone Med., Inc.*, 2011 WL 63992, at *2-3 (D. Conn. 2011); *Sherman St. Assocs., LLC v. JTH Tax, Inc.*, 2009 WL 426469, at *2 (D. Conn. 2009); *Sherman St. Assocs., LLC v. JTH Tax, Inc.*, 2004 WL 2377227, at *8 (D. Conn. 2004); *Pepe v. GNC Franchising, Inc.*, 750 A.2d 1167, 1168 (Conn. Super. Ct. 2000).

Columbia will have to litigate most of its claims in the Southern District of Florida just as it agreed to do in the forum-selection clause. Accordingly, I will deny Columbia's motion to certify my order of transfer for interlocutory appeal to the Second Circuit.

The Court DENIES the motion for certificate of appealability pursuant to 28 U.S.C. § 1292(b). Absent any further application for or order of stay, the Court LIFTS the stay of transfer (Doc. #68), and the Clerk of Court shall TRANSFER this action on **December 21, 2020**, to the Southern District of Florida.

It is so ordered.

Dated at New Haven this 14th day of December 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge